IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

     v.

DANNY C. FORT and SHERRI E. FORT,

   Defendants.

CIVIL ACTION FILE
NO. 1:08-CV-3885-TWT

ORDER

This is a suit by the United States to recover a tax refund. It is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 19] and the Defendants' Motion for Summary Judgment [Doc. 20]. For the reasons set forth below, the Plaintiff's Motion for Summary Judgment [Doc. 19] is GRANTED, and the Defendants' Motion for Summary Judgment [Doc. 20] is DENIED.

I. Introduction

Cap Gemini, a publicly-traded French corporation, bought Ernst & Young's information-technology consulting business in 2000. Consulting partners of Ernst & Young received shares of Cap Gemini stock in exchange for their partnership interests. Cap Gemini transferred 25% of the shares to the partners in 2000. The remaining 75% of the shares were held by Merrill Lynch in individual accounts for

each partner.  These shares could not be sold for up to five years.  They were subject to forfeiture if a partner quit, was fired for cause or "poor performance," or went into competition with Cap Gemini.  The parties agreed in a written contract that the share price would be discounted 5% for tax purposes to reflect these restrictions.

Danny Fort, a former Ernst & Young partner, reported the shares he received as income on his 2000 tax return.  Instead of appreciating in value as expected, the share price plunged in later years. Fort filed an amended return and requested a refund claiming that the shares were subject to substantial restrictions and therefore should not have counted as income in 2000.  The IRS refunded $306,540 to Fort.  It now seeks to recover the refund.

## II.  Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the nonmovant, who must go beyond

the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

### III.  Discussion

Taxable income includes "all income from whatever source derived" that is actually or constructively received during the taxable year.  26 U.S.C. § 61(a)(3); 26 C.F.R. § 1.61-2(a).  The question here is whether Fort constructively received the shares at issue.  A taxpayer constructively receives income if the income is "credited to his account, set apart for him, or otherwise made available so that he may draw upon it at any time, or so that he could have drawn upon it during the taxable year if notice of intention to withdraw had been given."  Income is not constructively received "if the taxpayer's control of its receipt is subject to substantial limitations or restrictions."  26 C.F.R. 1.451-2(a).  In other words, the key to constructive receipt is control.  See U.S. v. Fletcher, 562 F.3d 839, 843 (7th Cir. 2009); U.S. v. Nackel, No. CV-05-6680, 2009 WL 5698152, at *12 (C.D. Cal. Oct. 20, 2009).  Here, Fort says he did not constructively receive the shares in 2000 because the sale restriction and the forfeiture provision imposed "substantial limitations or restrictions" on his control of the shares.

The sale restriction prohibited Fort from selling a percentage of his shares for up to five years.  However, Fort still exercised substantial control over all of the shares

in 2000. He alone stood to gain or lose money based on the stock's performance. He received the benefit of the dividends paid on the shares, and he had the right to direct how the shares would be voted. Moreover, he knowingly agreed to the sale restriction and the forfeiture provision. He also agreed to the amount of the discount. These facts indicate that Fort exercised enough control over the shares to be deemed to have constructively received them.

Fort also says that the forfeiture provision prevented him from constructively receiving the shares. The former partners agreed to give back some of their shares if they quit, went into competition with Cap Gemini, or were fired for cause or "poor performance." However, the fact that the partners risked having to return some of their shares at a later time does not mean that they did not constructively receive the shares in the first place. As an analogy, "several courts have held that, where stock is transferred under a sales agreement and held in escrow to guarantee a party's performance under the agreement, the party receives the stock when it is placed in escrow rather than when it is released." Fletcher, 562 F.3d at 844 (citing Chaplin v. CIR, 136 F.2d 298, 299-302 (9th Cir. 1943); Whitney Corp. v. CIR, 105 F.2d 438, 441 (8th Cir. 1939); Bonham v. CIR, 89 F.2d 725, 726-28 (8th Cir. 1937)). That principle also applies here. Accordingly, the Court finds that Fort constructively received the shares in 2000.

This conclusion is consistent with the holdings of other courts that have considered the tax consequences of the same transaction. See U.S. v. Bergbauer, No. 08-2054, 2010 WL 1525156 (4th Cir. Apr. 16, 2010) (holding that former Ernst & Young partner constructively received income from shares received in the Cap Gemini transaction in 2000); U.S. v. Fletcher, 562 F.3d 839 (7th Cir. 2009) (same); U.S. v. Nackel, No. CV-05-6680, 2009 WL 5698152 (C.D. Cal. Oct. 20, 2009) (same).  It is also consistent with the parties' original intentions.  In designing the partnership-for-shares transaction, Cap Gemini wanted to ensure the partners' loyalty to the new business.  One way to do this would have been to transfer the shares in installments.  However, the partners expected the shares to appreciate and wanted to recognize all of the income from the shares in 2000.  That way, any appreciation would be taxed as a capital gain.  As a compromise, Cap Gemini and the partners designed the present transaction and agreed that it would be fully taxable in 2000.  As explained by the Supreme Court, "[W]hile a taxpayer is free to organize his affairs as he chooses, nevertheless, once having done so, he must accept the tax consequences of his choice whether contemplated or not, and may not enjoy the benefit of some other route he might have chosen to follow but did not."  Commissioner v. National Alfalfa Dehydrating and Milling Co., 417 U.S. 134, 149 (1974).

## IV.  Conclusion

For the reasons listed above, the Plaintiff's Motion for Summary Judgment is GRANTED, and the Defendants' Motion for Summary Judgment is DENIED.  The Plaintiff is directed to submit a proposed final judgment including interest on the amount due from the Defendants.

SO ORDERED, this 20 day of May, 2010.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge